**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL FILE NO. 1:16-cv-00210-MR
CRIMINAL FILE NO. 1:04-cr-00040-MR-1**

| | |
|---|---|
| **STEPHEN ARTHUR LACY,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 6].[1] According to the government's motion, defense counsel has consented to its request. [Id.].

Petitioner pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and possession of a firearm in relation to crime of violence, in violation of 18 U.S.C. § 924(c). [CR Doc. 32]. The Presentence Report found that the Petitioner had three qualifying convictions that triggered the

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-00210-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:04-cr-00040-MR-1.

Career Offender enhancement under U.S.S.G. § 4B1.2: (1) a 1990 North Carolina conviction for common law robbery; (2) a 1993 North Carolina conviction for attempted armed robbery; and (3) a 2001 North Carolina conviction for possessing a weapon of mass destruction.  The Court sentenced Petitioner as a Career Offender to a total term of imprisonment of 288 months.  [Id.].

On June 23, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255.  [CV Doc. 1].  In his motion, Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his prior conviction under North Carolina law for common law robbery no longer qualifies as a "crime of violence" under the Guidelines.  Consequently, Petitioner argues his Career Offender designation is improper and thus his sentence is unlawful.  [Id.].  Additionally, Petitioner contends that his Hobbs Act robbery offense no longer qualifies as a "crime of violence" in light of Johnson, and therefore, his § 924(c) conviction must be vacated as well. [Id.].

In response to Petitioner's motion, the government has filed a motion to hold this proceeding in abeyance.  The government notes that pending in the Fourth Circuit is the case of United States v. Ali, No. 15-4433 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016,

session). The Court notes that also pending in the Fourth Circuit is the case of United States v. Simms, No. 15-4640 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). The appellants in Ali and Simms both contend that a Hobbs Act robbery (and additionally in Ali, conspiracy to commit a Hobbs Act robbery) can no longer be considered a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) and thus any § 924(c) conviction predicated thereon is void.

Additionally, the government notes that this case will also be affected by the Supreme Court's decision next Term in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [Id. at 2]. One of the questions presented in Beckles is whether Johnson applies retroactively to cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). The residual clause invalidated in Johnson is identical to the residual clause in the Career Offender provision of the Guidelines, § 4B1.2(a)(2) (defining "crime of violence").

Based upon the foregoing reasons, and with Petitioner's consent, the Court concludes that the government's motion should be granted.

3

# **ORDER**

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 6] is hereby **GRANTED** and this matter is hereby held in abeyance pending decisions rendered by the Fourth Circuit in the Ali and Simms cases, and by the Supreme Court in Beckles. Thereafter, the government shall have 60 days from issuance of the last of those decisions in which to respond to Petitioner's motion to vacate raising his Johnson claim.

**IT IS SO ORDERED.**

Signed: September 16, 2016

Martin Reidinger
United States District Judge