# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00210-MR
# (CRIMINAL CASE NO. 1:04-cr-00040-MR-DLH-1)

| | |
|---|---|
| STEPHEN ARTHUR LACY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 13]. The Petitioner is represented by Jared Paul Martin and Joshua Carpenter of the Federal Defenders of Western North Carolina.

I.  **BACKGROUND**

On April 5, 2004, Petitioner Stephen Arthur Lacy ("Petitioner") was charged in a Bill of Indictment with two counts of Hobbs Act robbery, in

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:16-cv-00210-MR or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:04-cr-00040-MR-DLH-1.

violation of 18 U.S.C. § 1951 (Counts One and Four); two counts of possession of a firearm in furtherance of a crime of violence, that is Hobbs Act robbery as charged in Counts One and Four, in violation of 18 U.S.C. § 924(c) (Counts Two and Five); and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts Three and Six). [CR Doc. 1: Indictment]. On June 16, 2004, Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Counts One and Two, and the Government agreed to dismiss Counts Three, Four, Five and Six. [CR Doc. 13 at 1: Plea Agreement]. The Petitioner faced a maximum term of twenty 20 years' imprisonment for Count One, see 18 U.S.C. §§ 1951, and a mandatory consecutive sentence of not less than 7 years to life for Count Two, see 18 U.S.C. § 924(c)(1). Petitioner pleaded guilty in accordance with his Plea Agreement. [CR Docs. 13, 14].

The Petitioner's sentencing hearing was held on December 9, 2005, before the Honorable Lacy H. Thornburg, United States District Judge.[2] At the hearing, the Court sentenced Petitioner to a term of imprisonment of 204 months on Count One[3] and 84 months on Count Two, to be served

---

[2] Following Judge Thornburg's retirement, this matter was reassigned to the undersigned.

[3] Petitioner was subject to the career offender enhancement under U.S.S.G. § 4B1.2 based on three qualifying prior convictions, which yielded a guidelines range of imprisonment of 262 to 327 months. [CV Doc. 1 at 1-2.]

consecutively to the term imposed on Count One, for a total term of 288 months' imprisonment. [CR Doc. 32 at 2: Judgment]. Judgment on this conviction was entered on December 30, 2005. [Id.]. Petitioner appealed the Judgment to the Fourth Circuit Court of Appeals and the Fourth Circuit affirmed Petitioner's conviction. [Docs. 28, 46].

On June 23, 2016, Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. After conducting an initial review of Petitioner's § 2255 motion to vacate, the Court ordered the Government to respond. [CV Doc. 2].

Then, upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433, or United States v. Simms, No. 15-4640, and the Supreme Court's decision in Beckles v. United States, No. 15-8544. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Court, in turn, stayed this matter pending Davis. [Doc. 11]. The Court ordered that the Government would have 60 days to respond to Petitioner's motion once the Supreme Court issued its ruling in Davis. [Id.]. The Supreme Court decided Davis on June 24, 2019. The Government timely filed a motion to dismiss Petitioner's

3

Section 2255 motion to vacate. [CV Doc. 13]. The Petitioner, despite being represented by counsel, did not respond.

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his conviction on Count Two was imposed in violation of the Constitution and laws of the United States. [CV Doc. 1].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Here, the Petitioner argues his § 924(c) conviction is invalid under Johnson. [Doc. 1 at 7-8]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against

5

the person or property of another may be used in the course of committing the offense" (the "residual clause").  18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, Petitioner's conviction for Hobbs Act robbery can qualify as a § 924(c) "crime of violence" only under the force clause.  [Doc. 1 at 7].  Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019).  In Davis, the Supreme Court specifically held that the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336.  As such, Petitioner's conviction on Count Two is valid only if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause.  Recently, the Fourth Circuit squarely addressed this issue in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), concluding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."  932 F.3d at 266.

As such, because Hobbs Act robbery is a "crime of violence" under the force clause of § 924(c), Petitioner's conviction under 18 U.S.C. § 924(c) is valid.  The Court will, therefore, grant the Government's motion to dismiss.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**, and the Government's Motion to Dismiss Petitioner's Motion to

Vacate [Doc. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: December 12, 2019

Martin Reidinger
United States District Judge